IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TOWNHOMES OF BROOKSIDE II OWNERS ASSOCIATION,<br><br>        Plaintiff,<br><br>vs.<br><br>SOCIETY INSURANCE,<br><br>        Defendant. | Case No. _____<br><br><br><br><br>**NOTICE OF REMOVAL** |

      Defendant, Society Insurance ("Society"), hereby gives notice of the removal of this action pursuant to 28 U.S.C. § 1441 *et seq.* and Local Rule 81.  Removal is in accordance with 28 U.S.C. § 1441 *et seq.*, as this Court would have had diversity jurisdiction over this action under 28 U.S.C. § 1332(a).  In support of its Notice of Removal, Society states as follows:

      1.      Plaintiff, Townhomes of Brookside II Owners Association, commenced a civil action on January 8, 2026, captioned *Townhomes of Brookside II Owners Association, Plaintiff vs. Society Insurance, Defendant,* in the Iowa District Court for Dallas County, Case No. CVCV046851 (the "State Court Action").

      2.      Society has reviewed the state court's docket and determined that the following attached process and pleadings have been filed:

- Complaint and Jury Demand
- Original Notice
- Affidavit of Service
- Appearance of J. Michael Weston

      3.      Plaintiff served Society with copies of Plaintiff's Complaint and Original Notice on January 22, 2026.  Service was Society's first notice of the suit.  In accordance with 28 U.S.C.

§ 1446(b), Society timely filed this Notice of Removal within 30 days of its receipt of Plaintiff's Complaint.

    4.    In the State Court Action, as set forth in the Petition, Plaintiff claims that Society breached the applicable insurance contract and acted in bad faith by failing to pay all or part of Plaintiff's claims for property damage from an August 19, 2022 hailstorm. Plaintiff also seeks declaration judgment to enforce the Appraisal Award.

    5.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

    a.    **Complete diversity exists**. The following statements were true on <u>both</u> the date that Plaintiff filed its Petition (January 8, 2026) and the date that Society filed its Notice of Removal (February 20, 2026):

    1.    Plaintiff is incorporated in the State of Iowa with its principal place of business in Clive, Polk County, Iowa. Plaintiff is a citizen of the State of Iowa.

    **2.**    Defendant Society Insurance is a business insurance company incorporated in the State of Wisconsin with its principal place of business in Fond du Lac, Wisconsin. Society Insurance is a citizen of the State of Wisconsin.

    b.    **The amount in controversy exceeds $75,000.00.** Based on the content of Plaintiff's Complaint and its knowledge of the claim, Society believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Society satisfies its burden to prove that the amount in controversy exceeds $75,000.00 even though an amount of compensatory damages is not specified in Plaintiff's Petition. *See Kaufman v. Costco Wholesale Corp.*, 571 F.Supp.2d 1061, 1063 (D. Minn. 2008) (*citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (Where the Plaintiff does not allege a specific

amount in the complaint, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00).

The amount in controversy is measured by the "value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. V. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). *See also Hatridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to recover or the sum that defendant will lose if the complainant wins the suit). In other words, the amount in controversy is the amount that Plaintiff will seek from a jury. Plaintiff will seek an amount greater than $75,000.00 in this case. First, Plaintiff seeks compensatory damages for Society's alleged breach of contract for property damage. Plaintiff's claims exceed $2,000,000. Plaintiff also seeks declaratory judgment to enforce the Appraisal Award, which was in the amount of $2,481,811.49 RCV and $2,341.191.75 ACV. In addition, Plaintiff seeks damages for bad faith, including punitive damages, and attorney fees. Although Society denies that its conduct warrants the award of such damages, punitive damages may be recoverable for bad faith. *See Pogge v. Fullerton Lumber Co.*, 277 N.W.2d 916, 920 (Iowa 1979); *Stahl v. Preston Mut. Ins. Ass'n*, 517 N.W.2d 201, 203 (Iowa 1994). Punitive damages may be multiples of any compensatory damages awarded. "Punitive damages are included in determining the amount in controversy for diversity jurisdiction purposes." *Varboncoeur v. State Farm Fire and Cas. Co.*, 356 F.Supp.2d 935 (S.D. Iowa 2005) (Order on Motion to Remand) (*citing Missouri ex rel. Pemiscot Co. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995); *See also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) ("Punitive damages, of course, may be used to establish diversity jurisdiction"). Therefore, when compiling all Plaintiff's claims against Society, the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

Society reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE, the Defendant, Society Insurance, hereby removes the State Court Action pending as Case No. CVCV046851 in the Iowa District Court for Dallas County to this Honorable Court.

**LEDERER WESTON CRAIG PLC**

By: /s/ J. Michael Weston
J. Michael Weston           AT0008405
118 Third Avenue SE, Suite 700
P.O. Box 1927
Cedar Rapids, IA  52406-1927
Phone:  (319) 365-1184
Fax:      (319) 365-1186
E-mail:  mweston@lwclawyers.com

**ATTORNEYS FOR DEFENDANT
SOCIETY INSURANCE**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 20, 2026, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Central Division and that a true copy of the foregoing instrument was served upon all parties in interest to the above-entitled cause by *electronic and U.S.* mail to each party at each party's respective e-mail address.  The parties in interest referred to above are:

**ATTORNEY FOR PLAINTIFF:**
Jonathan E. Bukowski
Merlin Law Group, PLLC
E-mail:  jbukowski@merlinlawgroup.com

/s/ J. Michael Weston