E-FILED  2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

IN THE DISTRICT COURT OF DALLAS COUNTY, IOWA

| | | |
|---|---|---|
| TOWNHOMES OF BROOKSIDE II OWNERS ASSOCIATION | ) ) ) | CASE NO.: |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| SOCIETY INSURANCE, | ) ) ) | **COMPLAINT AND JURY DEMAND** |
| Defendant. | ) | |

COMES NOW Plaintiff, Townhomes of Brookside II Owners Association, by and through its undersigned counsel, hereby submits this Complaint and Jury Demand against Defendant, Society Insurance ("Defendant"), and in support thereof alleges and avers as follows:

## PARTIES

1. Plaintiff, Townhomes of Brookside II Owners Association ("Plaintiff"), is an Iowa nonprofit corporation with its principal place of business in Iowa.

2. Upon information and belief, Defendant, Society Insurance ("Defendant"), is an insurance company incorporated and domiciled in the state of Wisconsin and maintains its principal place of business in Wisconsin.

## JURISDICTION AND VENUE

3. This Court has subject matter and personal jurisdiction over the Parties to this cause of action.

4. A cause of action exists under Iowa state law for claims regarding the conduct complained of herein.

1

**001**

E-FILED 2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

5.      Venue is proper because the events which constitute the basis of this Complaint and Jury Demand, including, but not limited to, the formation of the insurance policy and location of the property in question, occurred in Dallas County, Iowa.

6.      Jurisdiction is proper in the Iowa District Court for Dallas County as the amount in controversy exceeds $10,000.

## FACTS COMMON TO ALL COUNTS

7.      At all times material hereto, Plaintiff maintained residential real property consisting of forty-two (42) single- and multi-family buildings located in West Des Moines, Iowa (the "Property").

8.      Plaintiff insured the Property under a policy of insurance from Defendant under policy number BP 17006414-5 ("the Policy").

9.      Plaintiff paid premiums to Defendant in exchange for the coverages contained within the Policy.

10.     The Policy was issued with effective dates of April 11, 2022, until April 11, 2023.

11.     The Policy's insuring agreement states:

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

12.     At all times material hereto, accidental direct damage caused by hail was a Covered Cause of Loss under the Policy.

13.     During the underlying Claim, Defendant determined and agreed that hail damage to the Property was a Covered Cause of Loss of loss under the Policy.

14.     The Policy contains the following provision relating to insurance appraisals (the "Appraisal Provision"):

2

**002**

E-FILED  2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

**2. Appraisal**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

15.    The Policy contains the following provision related to the timing of Defendant's payments:

**5. Loss Payment**

In the event of loss or damage covered by this policy:
g. We will pay for covered loss or damage within 30 days after we receive the sworn
proof of loss, provided you have complied with all of the terms of this policy, and
(1) We have reached agreement with you on the amount of loss; or
(2) An appraisal award has been made.

16.    On August 19, 2022, the Property experienced a severe hailstorm (the "Storm").

17.    Hailstones from the Storm struck and damaged the asphalt shingle roof coverings, fascia, downspouts, garage doors and casings, gutters, flashing, and various other building components (the "Loss").

18.    After discovering its Loss, Plaintiff timely opened an insurance claim for its damages with Defendant.

19.    Defendant assigned claim number P4074129 to its investigation and adjustment of the Loss.

20.    Defendant assigned Kevin Crouse, a Senior Field Claims Representative, to adjust the Claim.

21.    On or about April 6 and 7, 2023, Defendant inspected twelve of the buildings at the Property.

E-FILED  2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

22.    During its inspection, Defendant identified hail-caused damage to the Property.

23.    Following its inspection, Defendant issued its first indemnity payment in the amount of $248.14.

24.    On May 12, 2023, citing a report from a retained engineer which claimed that hail did not affect the functionality of the hail-damaged building components of the Property, Defendant denied the Claim for the twelve inspected buildings, stating, "there is no coverage with respect to this claim."

25.    Defendant's engineer employed a heightened functional standard of damage inconsistent with the Policy which required bruising of the shingle mat in addition to displaced granules as a prerequisite of hail damage.

26.    Upon reasonable suspicion and belief, Defendant did not correct or properly instruct its engineer on the correct Policy-mandated damage threshold of direct physical damage.

27.    On or around August 18, 2023, Plaintiff submitted a sworn statement in proof of loss.

28.    On or around November 8, 2023, Defendant, through its engineer, conducted a reinspection of the Property.

29.    Defendant's engineer once again employed the same elevated functional damage standard in order to conclude that the roof coverings at the Property had not sustained hail damage.

30.    On February 1, 2024, in accordance with the Policy's Appraisal Provision, Plaintiff demanded that an insurance appraisal bindingly set the amount of Plaintiff's Loss.

31.    The Appraisal Provision of the Policy provides a mechanism to resolve disputes between Plaintiff and Defendant relating to the amount of the loss resulting from the Storm.

E-FILED  2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

32. The Appraisal Provision provides a form of alternative dispute resolution which dispenses with the need for a lawsuit and serves as a faster and cheaper method of settling disputes over the value of property and the amount of loss. *See Cent. Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 466 N.W.2d 257, 260 (Iowa 1991).

33. The "object and purpose of an appraisal is to secure a fair and just evaluation by an impartial tribunal." *Central Life*, 466 N.W.2d at 260-261.

34. Defendant did not name its appraiser as mandated by the Appraisal Provision.

35. On February 19 and 26, 2024, because Defendant had to date refused to name a competent and impartial appraiser, Plaintiff reminded Defendant of its obligations under the Policy and the Appraisal Provision.

36. On March 4, 2024, Defendant relayed its belief that its coverage determination rendered appraisal "unnecessary."

37. The Appraisal Provision is binding on both parties once invoked and does not contain any mechanism for one party to unilaterally decline to proceed or determine whether an appraisal is, in its estimation, necessary.

38. Upon reasonable suspicion and belief, Defendant notified Plaintiff that Defendant would decline to renew Plaintiff's insurance policy.

39. Despite numerous follow-up communications, the Defendant persisted in refusing to disclose the identity of its appraiser until March 15, 2024.

40. On April 3, 2024, Defendant issued a second indemnity payment in the amount of $13,487.42.

41. On May 21, 2024, Defendant sent a letter to Plaintiff alleging that Plaintiff's appraiser had failed to fully inspect the Property, that Plaintiff had "indicated it wishes to retain an

E-FILED 2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

engineer to conduct additional inspections in lieu of appraisal," and that Plaintiff was "waiving its right to appraisal under the Policy."

42.    Surprised by these unsupported claims, Plaintiff responded, clarifying that its appraiser had fully inspected each building of the Property, that Plaintiff had made no request to retain an engineer in lieu of the appraisal, and that Plaintiff was not waiving its right to the appraisal. Plaintiff further inquired into the source of these false allegations.

43.    On September 19, 2025, an insurance appraisal award was signed by Plaintiff's appraiser and the neutral insurance appraisal umpire (the "Appraisal Award").

44.    The Appraisal Award determined the amount of Loss was $2,481,811.49 replacement cost and $2,341,191.75 actual cash value.

45.    Per the Policy's Loss Payment provision, Defendant had thirty days to pay the Appraisal Award.

46.    In violation of the clear terms of its own Policy, Defendant failed to pay the binding Appraisal Award within thirty days.

47.    Instead, claiming that the Appraisal Award was made in error, Defendant issued payment based solely on its appraiser's estimate, which totaling $916,910.68 replacement cost value, $151,949.60 in depreciation, and $764,961.08 in actual cash value.

48.    Defendant has no basis in the Policy or in Iowa law to withhold payment simply because it disagrees with the Appraisal Award.

49.    Defendant's illegitimate refusal to pay the binding Appraisal Award, forced Plaintiff to retain legal counsel.

50.    On December 12, 2025, Plaintiff, through legal counsel, demanded that Defendant pay the Appraisal Award, noting that appraisal awards are presumptively valid and that Defendant

6

**006**

E-FILED  2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

had failed to identify specific mistake or misfeasance which would warrant setting aside the Appraisal Award.

51.    Despite the clear untenability of its position, Defendant refused to issue payment consistent with the Appraisal Award, forcing Plaintiff to file the instant suit.

52.    Plaintiff has complied with all conditions precedent to filing this action.

## FIRST CLAIM FOR RELIEF
### (Enforcement of Appraisal Award)

53.    Plaintiff realleges and incorporates the preceding allegations as if fully set forth herein.

54.    The Parties have a dispute as to Defendant's obligations to comply with the insurance Policy.

55.    The Appraisal Provision sets forth a procedure for determining the amount of loss in the event of a disagreement which results in a binding determination of the amount of loss.

56.    Appraisals are "favored by both the Iowa legislature and the Iowa Supreme Court as a means for narrowing disputes that may ultimately have to be resolved in litigation." *Terra Indus., Inc. v. Commw. Ins. Co. of Am.*, 981 F.Supp. 581, 605 (N.D. Iowa 1997).

57.    Appraisal awards are presumptively valid, are "supported by every reasonable presumption and will be sustained even if the court disagrees with the result." *Cent. Life*, 446 N.W.2d at 260; *Vincent v. German Ins. Co.*, 94 N.W. 458, 460 (Iowa 1903) ("Every reasonable presumption will be indulged in favor of the award."). Indeed, "[m]istake of judgment on the part of the arbitrators is not ground for setting aside an award, unless such mistake be so great as to indicate partisan bias." *Vincent*, 94 N.W. at 460.

58.    Accordingly, an "award will not be set aside unless the complaining party shows fraud, mistake or misfeasance on the part of an appraiser or umpire." *Central Life*, 446 N.W. 2d at

7

**007**

E-FILED  2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

260. Thus, Iowa courts impose a high standard to set aside an award. *Walnut Creek Townhome Ass'n v. Depositors Ins. Co.*, 913 N.W.2d 80, 89 (Iowa 2018).

59.     The signed insurance Appraisal Award reflects the agreement of two competent parties as required by the insurance policy.

60.     Defendant has not identified any specific acts of fraud, mistake, or misfeasance which would warrant overturing the Appraisal Award or otherwise challenge its validity.

61.     Rather, Defendant's sole basis to withhold owed payment appears to be its dissatisfaction that the Appraisal Award is higher than its evaluation of the Loss.

62.     Defendant's dissatisfaction that the Appraisal Award is higher than its evaluation of the Loss is not a valid justification to withhold payment consistent with the Appraisal Award.

63.     Defendant's speculative, nonspecific, and unfounded claims of "error" do not and cannot meet the high standard required to set aside an appraisal award.

64.     There is an actual and justiciable controversy Defendant's obligation to comply with the appraisal provision of the insurance policy and the effect of Defendant's refusal to do so.

65.     Plaintiff has substantially performed all conditions required by the Policy to be performed by them, including, but not limited to, cooperating with Defendant's investigation of the Claim.

66.     An actual controversy exists between Defendant and Plaintiff as to Defendant's obligation to pay the Appraisal Award as entered on September 19, 2025.

67.     Defendant's refusal to pay the Appraisal Award is a breach of contract.

68.     Plaintiff respectfully requests that this Honorable Court make a judicial declaration in its favor and against Defendant enforcing the Appraisal Award as valid and binding.

008

E-FILED 2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

69.    Plaintiff respectfully requests that this Honorable Court make a judicial declaration in its favor and against Defendant that Defendant is required to pay the Appraisal Award in full.

70.    Pursuant to section 17A.19 of the Iowa Code of Civil Procedure, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as may be necessary.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

71.    Plaintiff realleges and incorporates the preceding allegations as if fully set forth herein.

72.    Defendant issued an all-risk insurance policy requiring Defendant to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

73.    The Policy between Plaintiff and Defendant is a binding contract.

74.    Plaintiff paid premiums and otherwise performed all conditions precedent to recovery of benefits under its Policy with Defendant.

75.    Per the Appraisal Provision, the resulting Appraisal Award is binding: "A decision agreed to by any two will be binding."

76.    On or about August 19, 2022, while the insurance Policy was in full force and effect, the insured Property sustained hail and wind damage.

77.    Defendant acknowledged damage to the Property caused by the Storm.

78.    Plaintiff has substantially performed all conditions required by the insurance Policy to be performed by it, including, but not limited to, giving prompt notice of the loss to Defendant and otherwise cooperating with Defendant's investigation of the Claim.

79.    Plaintiff is entitled to all benefits due and owing under the Policy.

9

**009**

E-FILED 2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

80.    Defendant has failed, refused, and continues to fail and refuse to pay the entire amount due and owing under the Policy for all losses and damage caused to the Property as established by the Appraisal Award.

81.    Defendant's obligations to pay the Appraisal Award are set forth by the plain terms of its Policy.

82.    Defendant's failure to honor its obligations under the Policy is a breach of contract.

83.    Defendant's failure to issue payment consistent with the Appraisal Award is a breach of contract.

84.    This breach of the insurance contract was and is the direct and proximate cause of damages to Plaintiff.

85.    Plaintiff is entitled to prejudgment interest under Iowa Code section 668.13(1) and (4).

**THIRD CLAIM FOR RELIEF**
**(Bad Faith)**

86.    Plaintiff realleges and incorporates the preceding allegations as if fully set forth herein.

87.    Defendant owed duties arising from the Policy's implied covenants of good faith and fair dealing, under which Defendant covenanted that it would, in good faith and in the exercise of fair dealing, deal with Plaintiff fairly and honestly, faithfully perform its duty of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights to receive the benefits provided by the Policy.

88.    Defendant breached its covenant of good faith and fair dealing that it owes to Plaintiff by engaging in a pattern of conduct designed to deprive Plaintiff of its rights and benefits under the Policy.

10

E-FILED 2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

89.     Defendant's course of conduct demonstrates a failure to effectuate a prompt, fair, and equitable settlement of the Claim. Defendant and its agents understated the amount of loss by knowingly misrepresenting the required threshold of damage as defined by the Policy.

90.     Defendant refused to consider the information provided by Plaintiff demonstrating extensive, but unpaid, Storm-caused damage to the Property.

91.     Defendant refused to pay and unilaterally attempted to re-write the Appraisal Award with knowledge or reckless disregard of the lack of reasonable basis for denying the demand.

92.     The nature of Defendant's denial of payment was in bad faith with complete disregard for Plaintiff's Policy-defined rights. Defendant's failure to conduct a full, fair, and thorough investigation of Plaintiff's Claim for damage resulting from the Storm and its baseless refusal to pay the Appraisal Award has caused Plaintiff to suffer actual damages, including substantial expenses and fees associated with the Claim, interest on money wrongfully withheld by Defendant, attorneys' fees, and public insurance adjusting fees.

93.     At all times, Plaintiff fulfilled its obligations under the Policy and acted in accordance with its duty of good faith and fair dealing.

94.     Plaintiff seeks compensatory damages for Defendant's breach of the covenant of good faith and fair dealing, including interest on covered benefits wrongfully withheld; increased costs to repair, restore and/or replace the significant damage to the Property; public insurance adjusters fees; attorneys' fees; investigatory fees; and other losses.

### **REQUEST FOR RELIEF**

95.     Plaintiff respectfully request that this Court enter judgment in its favor and against Defendant as follows:

11

E-FILED 2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

(a)     For declaratory judgment that Defendant is required to pay the Appraisal Award in full;

(b)     For judgment that Defendant breached the insurance contract by refusing to timely comply with the appraisal process;

(c)     For damages resulting from Defendant's breach of the insurance contract;

(d)     For all costs, expenses, and attorney fees incurred by Plaintiff as allowed by any statute, court rule, or contract;

(e)     For pre-judgment and post-judgment interest as permitted by statute or court rule; and

(f)     For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

96.     Plaintiff demands trial by jury with respect to all claims and issues triable to a jury.

Dated: January 8, 2026                               Respectfully submitted,

 */s Jonathan Bukowski*
Jonathan E. Bukowski
Merlin Law Group, PLLC
1001 17th Street, Suite 1150
Denver, CO 80202
Telephone: (720) 665-9680
E-Mail: jbukowski@merlinlawgroup.com
*Attorney for Plaintiff*

12

**012**

E-FILED  2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

IN THE DISTRICT COURT OF DALLAS COUNTY, IOWA

| | | |
|---|---|---|
| TOWNHOMES OF BROOKSIDE II OWNERS ASSOCIATION | ) ) ) | CASE NO.: |
| Petitioner, | ) ) ) | |
| vs. | ) ) | **ORIGINAL NOTICE** |
| SOCIETY INSURANCE | ) ) ) ) | |
| Respondent. | ) | |

**TO THE ABOVE-NAMED DEFENDANT: Society Insurance**

You are notified that a petition has been filed in the office of the Clerk of this Court, naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The attorney for the petitioner is Jonathan E. Bukowski whose address is 1001 17th Street, Suite 1150, Denver, Colorado 80202. The attorney's phone number is (720) 665-9680; facsimile number (720) 665-9681.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer, in the Iowa District Court for Dallas County, at the courthouse in Adel, Iowa, judgment by default will be rendered against you for the relief demanded in the petition. Please see Iowa Court Rules Chapter 16 for information on electronic

**013**

E-FILED  2026 JAN 08 11:04 AM DALLAS - CLERK OF DISTRICT COURT

filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filing.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-561-5818. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

_____
CLERK OF DISTRICT COURT
DALLAS COUNTY
Adel, Iowa 50003

**Important: You are advised to seek legal advice to protect your interests.**

E-FILED  2026 JAN 08 2:05 PM DALLAS - CLERK OF DISTRICT COURT

**Iowa Judicial Branch**

| | |
|---|---|
| *Case No.* | **CVCV046851** |
| *County* | **Dallas** |

*Case Title*    TOWNHOMES OF BROOKSIDE II, ETC V SOCIETY INSURANCE

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/08/2026 02:05:47 PM**



*District Clerk of Court or/by Clerk's Designee of*  Dallas          *County*
 **/s/ Adam Juckette**

E-FILED  2026 JAN 23 9:28 AM DALLAS - CLERK OF DISTRICT COURT

## IN THE DISTRICT COURT OF DALLAS COUNTY, IOWA

**TOWNHOMES OF BROOKSIDE II OWNERS**
**ASSOCIATION**

  *Plaintiff(s) / Petitioner(s)*

v.

Case No.: CVCV046851

**SOCIETY INSURANCE**

  *Defendant(s) / Respondent(s)*

### AFFIDAVIT OF SERVICE

I, Tiffany Allison, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to Society Insurance in Polk County, IA on January 22, 2026 at 1:53 pm at 400 E Court Ave, Des Moines, IA 50309-2017 by leaving the following documents with Melissa Millang who as Intake Specialist at CT Corporation is authorized by appointment or by law to receive service of process for Society Insurance.

COMPLAINT AND JURY DEMAND
ORIGINAL NOTICE

Race: Hispanic or Latino, Sex: Female, Est. Age: 45-54, Hair: Black, Glasses: N, Est. Weight: 140 lbs to 160 lbs, Est. Height: 5' 3" to 5' 6".
Geolocation of Serve: https://google.com/maps?q=41.5880899958,-93.6116594421
Photograph: See Exhibit 1

Total Cost: $120.00

Signature
Tiffany Allison
+1 (515) 988-5468

Subscribed and sworn to before me this 23rd day of
January , 2026 , by
Tiffany Allison .
Witness my hand and official seal.

Notary Public

My commission expires:
11/3/2027

KIRK ELMQUIST
Commission Number 835549
My Commission Expires
11/3/2027

E-FILED  2026 JAN 23 9:28 AM DALLAS - CLERK OF DISTRICT COURT



E-FILED  2026 FEB 11 8:36 AM DALLAS - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| TOWNHOMES OF BROOKSIDE II OWNERS ASSOCIATION, <br><br> Plaintiff, <br><br> vs. <br><br> SOCIETY INSURANCE, <br><br> Defendant. | Case No. CVCV046851 <br><br><br> **APPEARANCE OF J. MICHAEL WESTON** |

J. Michael Weston of the law firm of Lederer Weston Craig PLC hereby enters his

Appearance in this case on behalf of the Defendant, Society Insurance.

**LEDERER WESTON CRAIG PLC**


By  /s/ J. Michael Weston
J. Michael Weston   AT0008405
118 Third Ave SE, Suite 700
P.O. Box 1927
Cedar Rapids, IA 52406-1927
Telephone:  (319) 365-1184
Fax:          (319) 365-1186
E-mail:  mweston@lwclawyers.com

**ATTORNEYS FOR DEFENDANT**
**SOCIETY INSURANCE**

E-FILED  2026 FEB 11 8:36 AM DALLAS - CLERK OF DISTRICT COURT

## CERTIFICATE OF SERVICE

I certify that on February 11, 2025, I electronically filed the foregoing with the Clerk of Court using the EDMS system, which will send notification of such filing to the following:

**ATTORNEY FOR PLAINTIFF:**
Jonathan E. Bukowski
Merlin Law Group,, PLLC
E-mail:  jbukowski@merlinlawgroup.com


_/s/  J. Michael Weston_

2

019